**IN THE COURT OF APPEALS OF IOWA**

No. 18-0969
Filed May 1, 2019

**IN RE THE MARRIAGE OF SHELLY VERDOORN
AND TROY VERDOORN**

**Upon the Petition of
SHELLY VERDOORN,**
        Petitioner-Appellant,

**And Concerning
TROY VERDOORN,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Woodbury County, Duane E.

Hoffmeyer, Judge.


        Petitioner appeals the property division in the parties' dissolution decree.

**AFFIRMED AS MODIFIED.**



        John S. Moeller of John S. Moeller, PC, Sioux City, for appellant.

        Brien Patrick O'Brien of O'Brien Law Office, Sioux City, for appellee.



        Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Shelly Verdoorn appeals the property division in the parties' dissolution decree. We determine the amount of $93,200.00, representing her interest in a home she owned prior to the marriage, should be set aside to Shelly as her premarital property. We modify the decree to decrease the property settlement payable from Shelly to Troy Verdoorn. We affirm the dissolution decree as modified.

### I.        Background Facts & Proceedings

Shelly purchased a home on Glenn Avenue in Sioux City in 1994. She has been residing there ever since. In 2007, Shelly inherited a one-half interest in a home on 25th Street and some money. The house was appraised for $30,000.00. In 2009, she paid the other one-half owner $15,000.00 with the money she inherited to become the sole owner of the 25th Street house. Shelly rented out the home and kept the proceeds in a separate bank account.

Troy moved into Shelly's home on Glenn Avenue in February 2008. They were married on November 7, 2009. According to Shelly, Troy did very little work improving the Glenn Avenue or 25th Street houses. She stated she paid for all of the materials and paid Troy for some of his labor. Troy stated he did quite a bit of work on both houses, paying for most of the materials and providing free labor. The parties agreed Troy put up a shed and fencing for a dog-breeding business in the backyard of the Glenn Avenue home. Shelly sold the 25th Street house in 2016 for $75,000.00 and kept the money in a separate account. She stated she spent about $41,000.00 of that amount on household expenses.

The parties separated in July 2017, and Shelly filed a petition for dissolution of marriage on July 23, 2017. At the time of the dissolution trial on March 21, 2018, Shelly was fifty-three years old and Troy was fifty-four. Shelly was employed as a utility clerk and earned about $42,000.00 per year. Troy had seasonal employment with Custom Cut Gutters, where he earned $18.00 per hour, plus he earned about $20,000.00 to $30,000.00 each year from his handyman and dog-breeding businesses. The parties stipulated the value of the Glenn Avenue home was $148,000.00 and the premarital value was $93,200.00.

In the dissolution decree, filed on May 30, 2018, the district court set aside to Shelly the bank account holding the remaining sale proceeds from the 25th Street house. The court found all other assets were marital assets. The court awarded Shelly net assets worth $143,081.50 and Troy net assets worth $25,800.00. The court ordered Shelly to pay Troy a property settlement of $58,640.75, resulting in each party receiving $84,440.75. No alimony or attorney fees were awarded. Shelly appeals the property division in the dissolution decree.

## II.     Standard of Review

Our review in dissolution cases is de novo. Iowa R. App. P. 6.907; *In re Marriage of Fennelly*, 737 N.W.2d 97, 100 (Iowa 2007). "[W]e examine the entire record and decide anew the issues properly presented." *In re Marriage of Rhinehart*, 704 N.W.2d 677, 680 (Iowa 2005). We give weight to the factual findings of the district court but are not bound by them. *In re Marriage of Geil*, 509 N.W.2d 738, 740 (Iowa 1993).

### III.     Property Division

Shelly claims the property division was not equitable.  She states the district court should have set aside to her the premarital value of the Glenn Avenue home.  She points out she owned the home for fifteen years, from 1994 to 2009, before the parties were married.  During this time she paid the mortgage and performed upkeep on the home, so at the time of the marriage the home was worth $93,200.00.  She also points out the parties were only married for about eight and one-half years, from November 2009 until May 2018.  The parties agreed the home was worth $148,000.00 at the time of the dissolution.

Under Iowa Code section 598.21(1) (2017), all property, except inherited property or gifts received by one party should be equitably divided between the parties.  *See Fennelly*, 737 N.W.2d at 102.  Factors the court considers include "the length of the marriage, contributions of each party to the marriage, the age and health of the parties, each party's earning capacity," property brought to the marriage, and any other factor the court may determine to be relevant to any given case.  *Id.*  "Although an equal division is not required, it is generally recognized that equality is often most equitable."  *Id.* (citation omitted).

Premarital property "is part of the divisible estate, just as is property acquired during the marriage."  *In re Marriage of Sullins*, 715 N.W.2d 242, 247 (Iowa 2006).  "The trial court may place different degrees of weight on the premarital status of property, but it may not separate the asset from the divisible estate and automatically award it to the spouse that owned the property prior to the marriage."  *Id.*  In considering premarital property, we may look to the length of the marriage.  "We have stated that the claim of a party to the premarital property

owned by the other spouse in a short-term marriage is 'minimal at best.'" *In re Marriage of Hansen*, 886 N.W.2d 868, 872 (Iowa Ct. App. 2016) (citation omitted). "At the same time, appreciation in the value of assets during the marriage is a marital asset." *Id.*

The district court determined the amount of about $41,000.00 Shelly spent for household expenses from the proceeds from the sale of the 25th Street house would not be set aside to her as a premarital asset. However, the court set aside to Shelly as a premarital asset the remainder of the proceeds from the sale of her house on 25th Street. Although the parties had stipulated to a premarital value for the Glenn Avenue home, and Shelly requested credit for her interest in the home before the marriage, the court did not address her premarital interest in the Glenn Avenue home. Without a discussion of its reasoning, the court awarded the home to Shelly but included the value in its division of marital assets.

We find the marriage in this case was relatively short in nature. *See In re Marriage of Shanks*, 805 N.W.2d 175, 180 (Iowa Ct. App. 2011) (finding marriage of eight years was "short term"). As noted, in short-term marriages, the claim of a spouse to the premarital property of the other spouse is "minimal at best." *Hansen*, 886 N.W.2d at 872. It was due to Shelly's sole efforts the Glenn Avenue home was worth $93,200.00 at the time of the marriage. We determine the amount of $93,200.00 should be set aside to Shelly as her premarital property.[1]

---

[1] Troy's work contributed to the increase in value of the home from $93,200 in 2009 to $148,000 at the time of the dissolution hearing in 2018. We conclude he is properly entitled to share in the increase in the value of the home during the marriage. *See Hansen*, 886 N.W.2d at 873 (noting the "appreciation in the value of assets during the marriage is a marital asset").

Shelly was awarded assets worth $173,400.00. We determine $93,200.00 of this amount should be set aside as a premarital asset, leaving her with $80,200.00 in marital assets. She was ordered to pay debts of $30,318.50, so her total net marital property is $49,881.50. Troy was awarded total net marital property of $25,800.00. Under our calculations, Shelly should pay Troy a property settlement of $12,040.75. Taking the property settlement into consideration, each party receives $37,840.75 in net marital assets.

We modify the dissolution decree to decrease the property settlement payable from Shelly to Troy from $58,640.75 to $12,040.75. In all other respects, we affirm the parties' dissolution decree.

**AFFIRMED AS MODIFIED.**